IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IRBY MCCOLLUM                                                                    PLAINTIFF

v.                                    Case No. 6:26-cv-6044

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                                   DEFENDANT

## ORDER

Before the Court is Plaintiff Irby McCollum's Motion to Remand.  ECF Nos. 10 & 11.

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has responded.

ECF Nos. 12 & 13.  The Court finds the matter ripe for consideration.

On January 2, 2026, Plaintiff initiated this action in the Circuit Court of Hot Spring County,

Arkansas.  ECF No. 3 (the "Complaint").  Plaintiff brings a breach of contract claim and a claim

for declaratory action against State Farm related to a June 2019 automobile accident involving a

vehicle operated by Plaintiff.  Plaintiff alleges that the accident was caused by an uninsured

motorist.  Plaintiff further alleges that at the time of the collision he was party to an insurance

contract with State Farm (Complaint at p. 27-62; the "Policy") that provided underinsured motorist

coverage ("UIM") to the vehicle Plaintiff was operating, which provided $50,000 for each person

and $100,000 for each collision.  Plaintiff asserts that he submitted a coverage claim under the

Policy after the June 2019 accident but State Farm has yet to pay its obligated UIM coverage

amount.  As relief for the alleged breach of contract, Plaintiff seeks the UIM limits of the Policy

as well as "a 12% penalty, a reasonable attorney's fee, pre-judgment interest, post-judgment

interest, and costs pursuant to Ark. Code Ann. § 23-79-208 for State Farm's unreasonable delay

in paying his claim."  Complaint at 25.  Plaintiff adds that the amount of damages he alleges "is

less than the amount required for federal diversity jurisdiction."  Complaint at 25.  On April 17,

2026, State Farm timely removed this action to this Court pursuant to 28 U.S.C. § 1441(a).[1]  ECF

No. 2.  State Farm asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), contending

that the parties are diverse and that the value of the UIM coverage, the 12% statutory penalty, and

the attorney's fees sought by Plaintiff could exceed $75,000.

On April 30, 2026, Plaintiff filed the instant motion to remand.  Plaintiff argues that State

Farm failed to show the amount in controversy requirement is satisfied and that the Complaint

demonstrates to a legal certainty that Plaintiff does not seek more than $75,000.  Plaintiff relies on

the assertion in the Complaint that the amount of damages he seeks totals less than the amount

required for federal diversity jurisdiction.  He contends that such statements preclude finding that

a plaintiff could recover beyond the threshold for jurisdiction under § 1332(a).  Plaintiff explains

that the UIM coverage tops off at $50,000, the corresponding 12% statutory penalty would add

$6,000, and that the requested attorney's fees are explicitly limited to an amount that would not

cross $75,000 when added to the other relief sought.  Plaintiff then requests attorney's fees for

filing the instant motion because State Farm had no reasonable basis for determining that this

action was removable.

In response, State Farm argues that it has shown by a preponderance of the evidence that

the amount in controversy exceeds $75,000 and that Plaintiff has not demonstrated that recovery

below that amount is a legal certainty.  State Farm contends that that face of the Complaint

establishes that subject matter jurisdiction under § 1332(a) is satisfied.  Noting that statutory

attorney's fees are relevant in determining the amount in controversy, State Farm contends that

Plaintiff's fees request—when added to the $56,000 dollars sought under the UIM coverage and

the 12% penalty—could exceed the amount required for jurisdiction.  State Farm supports this

---

[1] State Farm asserts that Plaintiff effectuated service on March 18, 2026.  ECF No. 2, p. 1.  Plaintiff does not dispute this assertion.  Thus, the Court presumes that State Farm's removal was timely under § 1446(b)(2)(B).

2

contention by pointing to the attorney's fees that Plaintiff's counsel seeks for filing the instant motion, which totals $2,895 at a $300 hourly rate. State Farm asserts that this fee request demonstrates that the fees Plaintiff might accumulate over the course of this action could plausibly push the total recovery amount beyond $75,000. State Farm also contends that the language in the Complaint asserting that the total amount sought is below the threshold for diversity jurisdiction is not the kind of binding stipulation that affirmatively limits the amount Plaintiff may recover.

District courts have original jurisdiction over actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).[2] Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

Once a plaintiff challenges a defendant's assertion that the amount in controversy meets diversity jurisdiction requirements, a court must then determine by a preponderance of the evidence if the jurisdictional amount is satisfied. *See id*. at 88 (citing 28 U.S.C. § 1446(c)(2)(B)). "Once the removing party carries its burden, 'remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.'" *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th

---

[2] The parties do not dispute that there is complete diversity of citizenship in this action.

Cir. 2009)).  Subject matter jurisdiction is "measured at the time of removal[.]"  *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016).  The amount in controversy is satisfied if "a fact finder *might* legally conclude" that the value of the case exceeds $75,000, not that the damages "*are* greater than the requisite amount."  *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)) (emphasis in original).

The Court finds that State Farm has demonstrated that the amount in controversy satisfies the requirement of § 1332(a).  This conclusion rests on Plaintiff's demand for attorney's fees pursuant to Arkansas Code § 23-79-208.[3]  Statutory attorney's fees contribute to the amount in controversy determination for diversity jurisdiction.  *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005).  As State Farm noted, Plaintiff seeks nearly $3,000 in fees just for filing the instant motion.  ECF No. 10-1, p. 5-6.  Considering the baseline $56,000 Plaintiff seeks under the UIM coverage and accompanying 12% penalty, it is plausible that Plaintiff could accumulate more than $19,000 in fees over the course of litigating this matter.  *See Turntine*, 959 F.3d at 881 (noting that a court may utilize its common sense and experience to determine if subject matter jurisdiction is satisfied); *and see Pepper v. State Farm Mut. Auto. Ins. Co.*, No. 4:25-cv-00623-JM, 2025 WL 3091136, at *3 (E.D. Ark. Nov. 5, 2025) (determining that the requested attorney's fees could place the amount in controversy beyond $75,000); *see also Hudson v. Allstate*

---

[3] This statute provides that:

> In all cases in which loss occurs and the cargo, property, marine, casualty, fidelity, surety, cyclone, tornado, life, accident and health, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

Ark. Code. Ann. § 23-79-208(a)(1).

*Ins. Co.*, No. 4:21-cv-00310-LPR, 2021 WL 3081565, at \*3 (E.D. Ark. July 21, 2021) (noting that the demanded $56,000 combined with attorney's fees could plausibly push the total award past $75,000). Thus, the Court is satisfied that State Farm has made the requisite showing that the amount in controversy *might* exceed $75,000. *See Leflar*, 57 F.4th at 603.

Plaintiff has not countered this showing by establishing to a legal certainty that he would recover below the jurisdictional threshold. Plaintiff's assertion in the Complaint that the total recovery amount falls below the requirement for federal jurisdiction is not the type of "binding stipulation" that would preclude recovering an amount in attorney's fees that would push the total recovery for this action beyond $75,000. *Bell*, 557 F.3d at 958; *and see Neighbors v. Shelter Mut. Ins. Co.*, No. 2:18-cv-00081 KGB, 2018 WL 10160962, at \*4-5, (E.D. Ark. Sept. 5, 2018) (determining that an assertion in a complaint that the total amount of damages sought was below the amount required for federal jurisdiction was insufficient to preclude jurisdiction under § 1332(a)). Thus, the amount in controversy requirement of § 1332(a) was satisfied at the time of removal and the Court has subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand (ECF No. 10) is hereby **DENIED**.

**IT IS SO ORDERED**, this 22nd day of June, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

5